UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN and KASEY ALLEN, individuals, and as plaintiff's father and mother and with father as guardian on behalf of minor child, A.A.,<br><br>    Plaintiffs,<br>  v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>    Defendant. | CASE NO. 2:24-cv-00195-LK<br><br>ORDER DENYING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF SHENZHEN CHEYANG TECHNOLOGY CO. AS A DEFENDANT |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint and Joinder of Shenzhen Cheyang Technology Co., Ltd. as a Defendant. Dkt. No. 19. For the following reasons, the Court denies Plaintiffs' motion.

**I.   BACKGROUND**

On February 12, 2024, Plaintiffs filed a complaint against Defendant Amazon.com Services LLC ("Amazon"), asserting claims of products liability, strict products liability, breach of implied warranties, negligent undertaking, and infliction of emotional distress. Dkt. No. 1 at 8–

17. Plaintiffs' claims arise from Plaintiff A.A.'s alleged ingestion of a battery that purportedly fell out of a wireless remote control mounted on the steering wheel of Plaintiffs' vehicle, which was purchased from a previous owner. *Id.* at 2. At the time they filed their complaint, Plaintiffs had not yet identified the specific product in question, but alleged that the remote control was sold under a brand promoted by Amazon. *Id.*

Plaintiffs represent that they have since received discovery from the previous owner of Plaintiffs' vehicle, *id.*, which led to the identification of the remote control as a "Podofo Double Din Car Stereo with Apple Carplay Android Auto, 7 Inch Touch Screen Bluetooth Radio Car Audio with Backup Camera, Voice Control, FM Radio, Mirror Link, USB Playback & Charging," Dkt. No. 19 at 3; *see also* Dkt. No. 19-3 at 3. Plaintiffs aver that this product is associated with Shenzhen Cheyang Technology, Co., Ltd. ("SCT"), who they believe is the manufacturer and/or supplier of the remote control and consequently "may have knowledge related to the manufacture and design of the Defective Product." Dkt. No. 19 at 3; *see also* Dkt. No. 19-3 at 3 (Amazon page of remote control listing SCT as seller).

## II. DISCUSSION

A. **Legal Standards**

   1. <u>Amendment</u>

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Courts may deny a motion for leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

    2.  <u>Joinder</u>

Under Rule 20 of the Federal Rules of Civil Procedure, a party may be permissively joined as a defendant in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also POW Nev., LLC v. Doe 2*, No. C17-1649-RSM, 2018 WL 525958, at *1 (W.D. Wash. Jan. 24, 2018). Joinder must "comport with the principles of fundamental fairness" and must not prejudice either side. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Rule 20 is "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The same-transaction and common-question requirements are "not rigid tests, but rather are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote

judicial economy." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187–88 (C.D. Cal. 2015) (cleaned up).

### B.   Plaintiffs' Motion is Denied

After considering the relevant factors, the Court finds that leave to amend should be denied. Plaintiffs' proposed amended complaint does not adequately plead the parties' citizenship, and the proposed complaint therefore fails to establish subject matter jurisdiction.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Dodo Int'l, Inc. v. Parker*, No. C20-1116-JCC, 2020 WL 12834160, at *1 (W.D. Wash. Dec. 30, 2020).[1] Plaintiffs' proposed amended complaint, however, does not allege enough facts to establish any party's citizenship. Plaintiffs allege that SCT "is a limited company formed and existing under the laws of the People[']s Republic of China, with a business address at B308, Block B, Donghaiwang Industrial Zone, No. 369 Bulong Road, Bantian Street Longgang, Dist. Shenzhen, China 518129." Dkt. No. 19-1 at 5. If a "limited company" is equivalent to a corporation, then SCT is a citizen of both China (its place of incorporation) and the foreign state or state of the United States in which it has its principal place of business. 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the State or foreign state where it has its principal place of business*[.]") (emphasis added); *see also Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773–74 (9th Cir. 1992). If a "limited company" is not equivalent to a corporation, but is instead equivalent to an unincorporated association such as a limited liability

---

[1] "If the information necessary to establish the diversity of the citizenship of a defendant is not reasonably available to a plaintiff, the plaintiff may plead its jurisdictional allegations as to that defendant on information and belief." *Dodo Int'l*, 2020 WL 12834160, at *2 (cleaned up and quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014)).

company, then SCT would be a citizen of all the states in which each of its members are citizens. Plaintiffs have not alleged SCT's principal place of business, nor have they provided any information about the citizenship of SCT's members, if any. Plaintiffs' allegations regarding SCT's citizenship in their proposed amended complaint are therefore deficient. *See Heron Invs., Ltd v. Prima Luce, LLC*, No. 2:20-cv-592-FtM-29MRM, 2020 WL 10353820, at *1 (M.D. Fla. Oct. 8, 2020).

Plaintiffs also fail to allege Amazon's citizenship. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, to properly plead diversity jurisdiction, Plaintiffs are required to plead "the citizenship of all the members" of Amazon. *Dodo Int'l*, 2020 WL 12834160, at *1 (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016)); *see also* LCR 8(a). Instead of doing so, Plaintiffs allege only Amazon's state of incorporation and principal place of business. Dkt. No. 19-1 at 5.

Finally, Plaintiffs fail to establish their own citizenship. While they allege that they are residents of Monroe, Louisiana, Dkt. No. 19-1 at 4, "residency is not equivalent to citizenship," *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). "[A] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Thus, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Plaintiffs' allegations about their Louisiana residency are therefore insufficient to establish Louisiana domicile and are consequently insufficient to plead diversity of citizenship.

Permitting Plaintiffs to file their proposed amended complaint "would be futile, because the amendments . . . fail to invoke the Court's diversity jurisdiction," *Van Wade v. Nitti*, No. 6:21-CV-06726-EAW, 2024 WL 1089269, at *5 (W.D.N.Y. Mar. 11, 2024); *see also Senderra Rx Partners, LLC v. Express Scripts, Inc.*, No. 4:21-CV-521 RLW, 2021 WL 5802483, at *7 (E.D. Mo. Dec. 7, 2021) (finding proposed amendments futile because they failed to establish diversity jurisdiction); *Rohl Global v. Marsh Buggies, Inc.*, No. 21-193, 2021 WL 10428709, at *3 (E.D. La. July 28, 2021) (denying Plaintiffs' proposed amended complaint because it "fails to adequately allege diversity jurisdiction"). The Court notes, however, that Plaintiffs remain free to seek leave to file a proposed amended complaint that properly pleads facts sufficient to invoke this Court's jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion without prejudice. Dkt. No. 19.

Dated this 2nd day of August, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR JOINDER OF SHENZHEN CHEYANG TECHNOLOGY CO. AS A DEFENDANT - 6