UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN and KASEY ALLEN, individuals, and as plaintiff's father and mother and with father as guardian on behalf of minor child, A.A.,<br><br>Plaintiffs,<br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | CASE NO. 2:24-cv-00195-LK<br><br>ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND JOINDER OF SHENZHEN CHEYANG TECHNOLOGY CO., LTD. AS A DEFENDANT |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint and Joinder of Shenzhen Cheyang Technology Co., Ltd. as a Defendant. Dkt. No. 21. For the following reasons, the Court grants Plaintiffs' motion.

I.   BACKGROUND

On February 12, 2024, Plaintiffs filed a complaint against Defendant Amazon.com Services LLC ("Amazon"), asserting claims of products liability, strict products liability, breach of implied warranties, negligent undertaking, and infliction of emotional distress. Dkt. No. 1 at 8–

17. Plaintiffs' claims arise from Plaintiff A.A.'s alleged ingestion of a battery that purportedly fell out of a wireless remote control mounted on the steering wheel of Plaintiffs' vehicle, which was purchased from a previous owner. *Id.* at 2. At the time they filed their complaint, Plaintiffs had not yet identified the specific product in question, but alleged that the remote control was sold under a brand promoted by Amazon. *Id.*

Plaintiffs represent that they have since received discovery from the previous owner of Plaintiffs' vehicle, which led to the identification of the remote control as a "Podofo Double Din Car Stereo with Apple Carplay Android Auto, 7 Inch Touch Screen Bluetooth Radio Car Audio with Backup Camera, Voice Control, FM Radio, Mirror Link, USB Playback & Charging." Dkt. No. 21 at 3; Dkt. No. 21-2 at 2. Plaintiffs aver that this product is associated with Shenzhen Cheyang Technology, Co., Ltd. ("SCT"), who they believe is the manufacturer and/or supplier of the remote control and consequently "may have knowledge related to the manufacture and design of the Defective Product." Dkt. No. 21 at 3; *see also* Dkt. No. 21-3 at 3.

On July 25, 2024, Plaintiffs filed their first motion for leave to file an amended complaint and to join SCT. Dkt. No. 19. The Court denied that motion because the proposed complaint failed to adequately plead the parties' citizenship and therefore failed to establish subject matter jurisdiction. Dkt. No. 20 at 4–6. Plaintiffs filed the instant motion on August 7, 2024, seeking leave to file a proposed amended complaint that both joins SCT and "adequately plead[s] the citizenship of each of the parties." Dkt. No. 21 at 2; *see also* Dkt. No. 21-1 (proposed amended complaint).

## II. DISCUSSION

A. **Legal Standards**

1. <u>Amendment</u>

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be

1 applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Courts may deny a motion for leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

    2. <u>Joinder</u>

Under Rule 20 of the Federal Rules of Civil Procedure, a party may be permissively joined as a defendant in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also POW Nev., LLC v. Doe 2*, No. C17-1649-RSM, 2018 WL 525958, at *1 (W.D. Wash. Jan. 24, 2018). Joinder must "comport with the principles of fundamental fairness" and must not prejudice either side. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Rule 20 is "construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers v.*

ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND JOINDER OF SHENZHEN CHEYANG TECHNOLOGY CO., LTD. AS A DEFENDANT - 3

*Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The same-transaction and common-question requirements are "not rigid tests, but rather are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187–88 (C.D. Cal. 2015) (cleaned up).

### B.     Leave to Amend and Joinder Are Granted

The Court finds that leave to amend should be granted. The Court is satisfied that Plaintiffs' request is not driven by bad faith or delay, but rather to join SCT as a defendant. *See* Dkt. No. 21 at 4–5; *Knupp v. Amazon.com Services, LLC*, No. 1:23-cv-01112-NODJ-BAM, 2024 WL 871930, at *2 (E.D. Cal. Feb. 29, 2024). And there is no indication that amendment would prejudice Amazon, as Plaintiffs' motion is unopposed and timely, the case is still in the early stages of discovery, and trial will not occur until January 12, 2026. *See* Dkt. No. 13 at 1–2; Dkt. No. 21 at 3–4; *see also Larrison v. Ocean Beauty Seafoods, LLC*, No. C20-0906-RSM, 2021 WL 2646450, at *1 (W.D. Wash. June 28, 2021); *Knupp*, 2024 WL 871930, at *2. Joinder also appears warranted because Plaintiffs' claims against Amazon and SCT arise out of the same transactions or occurrences and involve similar questions of fact and law. Specifically, Plaintiffs allege that SCT is "liable for manufacturing and/or supplying" the remote control sold by Amazon, and they intend to assert the same claims against SCT that they currently assert against Amazon. Dkt. No. 21 at 5; Dkt. No. 21-1 at 3, 10–18.

Furthermore, it appears from Plaintiffs' proposed pleading that the Court has diversity jurisdiction over this matter and that joinder of SCT would not destroy that jurisdiction. Plaintiffs' proposed amended complaint adequately pleads that they are citizens of Louisiana and that

Amazon is a citizen of both Delaware and Washington by way of its sole member, Amazon.com Sales, Inc. Dkt. No. 21-1 at 4–5 (citing Dkt. No. 10 at 1). Plaintiffs also plead on information and belief that SCT "is a limited company . . . formed and existing under the laws of the People[']s Republic of China, with a principal place of business . . . [in] Shenzhen, China," and that "all of the members of SCT are citizens of China and no members of SCT are citizens of the state of Louisiana." *Id.* at 5. Therefore, regardless of whether SCT is considered to be a limited liability company or a corporation for purposes of diversity jurisdiction, Plaintiffs have adequately pleaded its citizenship. *See Yancheng Shanda Yuanfeng Equity Inv. P'ship v. Wan*, No. 20-cv-2198, 2023 WL 6053808, at *2 (C.D. Ill. Aug. 25, 2023), *report and recommendation adopted*, 2023 WL 6050214 (C.D. Ill. Sept. 15, 2023); *Nanshan Am. Adv. Aluminum Techs., LLC v. Nemick*, No. 4:13-CV-078 JD, 2017 WL 3333963, at *2 (N.D. Ind. Aug. 4, 2017). Based on the allegations in the proposed amended complaint, complete diversity exists and the amount in controversy exceeds $75,000. Dkt. No. 21-1 at 4–5.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file an amended complaint and to join SCT as a defendant in this case. Dkt. No. 21. Plaintiffs must file a clean version of their amended complaint, Dkt. No. 21-1, by August 27, 2024.

Dated this 20th day of August, 2024.

Lauren King
United States District Judge