1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN et al., | CASE NO. 2:24-cv-00195-LK |
| Plaintiffs, | ORDER DENYING WITHOUT PREJUDICE MOTION TO EXTEND THE TIME TO SERVE AND TO SERVE THROUGH ALTERNATIVE MEANS |
| v. | |
| AMAZON.COM SERVICES, LLC et al., | |
| Defendants. | |

    This matter comes before the Court on Plaintiffs Caleb Allen, Kasey Allen, and A.A.'s Motion to Extend the Time to Serve Defendant Shenzhen Cheyang Technology Co., Ltd. by Fourteen Days and to Serve Shenzhen Cheyang Technology Co., Ltd. Through Alternative Means. Dkt. No. 27. While Defendant Amazon.com Services, LLC does not oppose this motion, Dkt. No. 27 at 3; Dkt. No. 27-1 at 2, Defendant Shenzhen Cheyang Technology Co., Ltd. has not appeared in this action and therefore has no recorded position on the motion. For the following reasons, the Court denies the motion without prejudice.

## I.    BACKGROUND

The Court adopts the factual background set forth in its August 20, 2024 Order, Dkt. No. 22 at 1–2, with the additional relevant facts below.

Plaintiffs filed this suit against Amazon.com services on February 12, 2024. Dkt. No. 1. After learning that the manufacturer of the product at issue in this suit is Shenzhen Cheyang Technology Co. ("SCT"), Plaintiffs successfully sought leave to file an amended complaint naming SCT as a defendant. Dkt. No. 22; *see also* Dkt. No. 21. That complaint was filed on August 26, 2024. Dkt. No. 23. According to Plaintiffs, SCT has two separate addresses on record:

- 14A Commercial Ave., Albany, NY 12205, which SCT purportedly provided to Amazon pursuant to an Amazon Services Business Solutions Agreement, Dkt. No. 27-2; *see also* Dkt. No. 27-10 at 2; and

- B308, Block B, Donghaiwang Industrial Zone, No. 369 Bulong Road, Bantian Street Longgang, Dist. Shenzhen, China 518129, which is found on SCT's U.S. Trademark Registration No. 4881038 for the trademark "PODOFO," Dkt. No. 27-4 at 3.[1]

On October 16, 2024, Plaintiffs' counsel retained a process server to translate the documents to be served upon SCT in China and to submit the application required under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). Dkt. No. 27-1 at 3. On October 30, 2024, the process server sent the translated documents and an accompanying Hague Service Convention application to authorities in China. Dkt. No 27-6 at 2; *see also* Dkt. No. 27-5 at 2–51. The documents and application were delivered on November 4, 2024. Dkt. No. 27-6 at 2.

---

[1] The "About" page for PODOFO on Amazon and "Contact Us" page on the PODOFO website provide substantively similar addresses. Dkt. No. 27-1 at 2–3; Dkt. No. 27-3 at 2; Dkt. No. 27-8 at 2.

ORDER DENYING WITHOUT PREJUDICE MOTION TO EXTEND THE TIME TO SERVE AND TO SERVE THROUGH ALTERNATIVE MEANS - 2

On October 30, 2024, Plaintiffs also emailed podofo@126.com, cheyang728@gmail.com, and podofooficcial@163.com to request confirmation that these were good email addresses for the PODOFO brand of products. Dkt. No. 27-9 at 2–5.[2] On October 31, 2024, Plaintiffs received a response from cheyang728@gmail.com stating: "Hello, here is the email address of podofo, how can I help you?" *Id.* at 2.

On November 5, 2024, Plaintiffs separately attempted to personally serve SCT at the Albany address. Dkt. No. 27-3 at 2. However, when the process server arrived at that address, he found another business located there that reported no knowledge of SCT. Dkt. No. 27-2 at 2.

On November 7, 2024, Plaintiffs filed the instant motion, seeking a 14-day extension of time to serve SCT and for leave to serve SCT by alternate means—"specifically, by email to cheyang728@gmail.com, podofo@126.com, and podofoofficial@163.com." Dkt. No. 27 at 2.

## II.    DISCUSSION

Federal Rule of Civil Procedure 4(h)(2) provides that service on a foreign corporation, if done outside of the United States, shall be effected "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [Federal Rule of Civil Procedure] (f)(2)(C)(i)," unless "federal law provides otherwise or the defendant's waiver has been filed[.]" Rule 4(f)(1) in turn authorizes service by those methods of service authorized by international agreements, including the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1); *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). Alternatively, a foreign corporation may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Although a party is not required to attempt

---

[2] Amazon provided the podofo@126.com email to Plaintiffs in its initial disclosures, Dkt. No. 27-7 at 4, and Plaintiffs found the cheyang728@gmail.com and podofoofficial@163.com emails on PODOFO's "Contact Us" page, Dkt. No. 27-1 at 4; Dkt. No. 27-8 at 2.

ORDER DENYING WITHOUT PREJUDICE MOTION TO EXTEND THE TIME TO SERVE AND TO SERVE THROUGH ALTERNATIVE MEANS - 3

service by other methods before petitioning the court for alternate service of process pursuant to Rule 4(f)(3), whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ted] to the sound discretion of the district court[.]" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co., Ltd.*, No. 2:18-cv-01530-RAJ, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019).

Here, Plaintiffs do not adequately explain why circumstances necessitate approval of service by email, particularly considering that they have already initiated the process to serve SCT pursuant to Rule 4(f)(1) and the Hague Convention. *See Rio Props.*, 284 F.3d at 1016 (holding that plaintiff must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention"); *Centre Way Co. Ltd. v. Fuzhou Puhua Minghui Trading Co. Ltd.*, No. 20-cv-01377-SVK, 2020 WL 4673942, at *1 (N.D. Cal. Aug. 12, 2020) (denying motion for substituted service because "[p]laintiff [did] not demonstrate[] that the particularities and necessities of th[e] case require alternate service of process"). Plaintiffs state that they "have not received a response from the Chinese Central Authority regarding the Hague Convention Service request," and "[t]here is no clear timetable for when, or if, the Ministry of Justice of the People's Republic of China will complete service." Dkt. No. 27 at 2, 4. Given that Chinese officials only received the documents and application earlier this month, Dkt. No. 27-6 at 2, the Court assumes that Plaintiffs simply seek to serve SCT more quickly than service under the Hague Service Convention would otherwise take. However, "the mere fact that alternate service will be faster does not, by itself, justify service by alternate means." *Centre Way Co.*, 2020 WL 4673942, at *1 (cleaned up). And Plaintiffs do not articulate—nor can the Court clearly discern—any reason to doubt that SCT will receive notice of the lawsuit via the Chinese Ministry of Justice. The Court therefore finds that the circumstances do not justify service by alternative means at this time.

1          Plaintiffs also request that the Court extend the time to serve SCT pursuant to Federal Rule

2    of Civil Procedure 4(m). Rule 4(m) provides that "[i]f a defendant is not served within 90 days

3    after the complaint is filed, the court . . . must dismiss the action without prejudice against that

4    defendant or order that service be made within a specified time" unless "the plaintiff shows good

5    cause for the failure." However, because SCT appears to have no valid address for service in the

6    United States and Plaintiffs therefore seek to serve it in China pursuant to Rule 4(f) (via Rule

7    4(h)(2)), Rule 4(m)'s time limits do not apply. Fed. R. Civ. P. 4(m) ("This subdivision (m) does

8    not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]"); *Lucas v. Natoli*,

9    936 F.2d 432, 432–33 (9th Cir. 1991).

10          That is not to say that the time for service is limitless. The circuits that have addressed this

11    issue have held that plaintiffs must exercise reasonable diligence in attempting service to avoid

12    dismissal under Rule 4(f). *See, e.g.*, *Harris v. Orange S.A.*, 636 F. App'x 476, 485–86 (11th Cir.

13    2015); *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012); *Feliz v. MacNeill*, 493 F. App'x 128,

14    133 (1st Cir. 2012); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).[3] Such

15    approach is consistent with "procedures commonly used prior to the enactment of Rule 4(m) or its

16    predecessor Rule 4(j)." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir.

17    2000). Here, Plaintiffs have so far acted relatively diligently in attempting to serve SCT within 90

18    days of naming it as a defendant in their lawsuit. That the Ministry of Justice of China has not yet

19    completed service after receiving the request for service on November 4, 2024, Dkt. No. 27-6 at

20    2, does not indicate that the "reasonable diligence" standard cannot be met here. *Lozano*, 693 F.3d

21    at 489 ("Good faith and reasonable dispatch are the proper yardsticks.").

22

23

24      [3] This Court does not read *Lucas v. Natoli* to hold that no time limit attaches to service of a foreign defendant; instead, the Ninth Circuit merely held that the time limit specified in 4(m) does not apply to such service. 936 F.2d at 432–33.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion, Dkt. No. 27, is DENIED without prejudice. Should Plaintiffs choose to renew their motion, Plaintiffs must articulate why they believe service by email or other alternate means is necessary, why their proposed service method is appropriate under the applicable rules,[4] and why their proposed service method is reasonably calculated to provide adequate notice of this lawsuit to SCT.

Dated this 18th day of November, 2024.

Lauren King
United States District Judge

---

[4] The Court observes that courts disagree as to whether "the Hague Service Convention . . . prohibits service by e-mail in China and in other countries that have objected to service 'by postal channels.'" *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, 480 F. Supp. 3d 977, 984 (N.D. Cal. Aug. 19, 2020); *compare id.* at 982 & n.3 (collecting cases that interpret the Hague Service Convention to "authorize[] service by e-mail on defendants in China under Rule 4(f)(3)"), *with id.* at 984 & n.5 (collecting cases concluding that the Hague Service Convention "prohibits service by e-mail in China and in other countries that have objected to service 'by postal channels'"). Plaintiffs rely on a number of these cases in asserting that service on SCT by email is not prohibited by the Hague Service Convention, but do not address cases contrary to their position. Dkt. No. 27 at 7–8. Plaintiffs should address the contrary authority should they renew their motion.

ORDER DENYING WITHOUT PREJUDICE MOTION TO EXTEND THE TIME TO SERVE AND TO SERVE THROUGH ALTERNATIVE MEANS - 6