UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN et al., <br><br> Plaintiffs, <br> v. <br><br> AMAZON.COM SERVICES, LLC et al., <br><br> Defendants. | CASE NO. 2:24-cv-00195-LK <br><br> ORDER APPOINTING GUARDIAN AD LITEM |

This matter comes before the Court on the Unopposed Petition for Appointment of Settlement Guardian ad Litem ("Petition") filed by John K. Buche of the Buche Law Firm, P.C., counsel for Plaintiffs Caleb Allen and Casey Allen individually and on behalf of their minor child A.A. ("Plaintiffs"). Dkt. No. 35. The Petition seeks the appointment of a settlement guardian ad litem for A.A. pursuant to Federal Rule of Civil Procedure 17. For the reasons set forth below, the petition is GRANTED.

I. BACKGROUND

On February 12, 2024, Plaintiffs filed suit against Defendant Amazon.com Services LLC ("Amazon"). Dkt. No. 1. On August 26, 2024, Plaintiffs filed an amended complaint, adding

ORDER APPOINTING GUARDIAN AD LITEM - 1

Defendant Shenzhen Cheyang Technology Co., Ltd., Dkt. No. 23, which Amazon proceeded to answer on September 9, 2024, Dkt. No. 26. On February 24, 2025, Plaintiffs and Amazon reached a settlement. *See* Dkt. No. 35 at 3. On February 28, 2025, the parties filed a Joint Notice of Settlement, Dkt. No. 29, and on April 23, 2025, Plaintiffs filed a Motion to Approve Minor Settlement, Dkt. No. 30. Because A.A. is a minor, the Court directed the parties to file supplemental briefing concerning whether a guardian ad litem should be appointed in this case. Dkt. No. 33; *see also* LCR 17(c). Plaintiffs then filed the pending motion on May 2, 2025, asserting that, pursuant to the Federal Rules of Civil Procedure, Local Rule 17(c), and relevant case law, good cause exists to appoint a settlement guardian ad litem on A.A.'s behalf, that such appointment would be in A.A.'s best interest, and that attorney Christopher M. Henderson has the appropriate expertise and background to serve as settlement guardian ad litem for A.A. Dkt. No. 35 at 3. Plaintiffs therefore request that Mr. Henderson be appointed as settlement guardian ad litem for A.A. pursuant to Federal Rule of Civil Procedure 17. Dkt. No. 35 at 2. Plaintiffs also request that the Court permit Mr. Henderson to bill for his services in this capacity at his current hourly rate. *Id.* at 3. Amazon does not oppose the appointment of Mr. Henderson as settlement guardian ad litem for A.A. *Id.* at 2; *see also* Dkt. No. 35-1 at 2.

## II.   DISCUSSION

### A.   Legal Standard

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P.17(c)(2). Therefore, under Rule 17, district courts have a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best

interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

Local Civil Rule 17(c) requires that the court appoint an independent guardian ad litem who is an attorney-at-law in any case involving court approval of a settlement involving the claim of a minor or incompetent. The guardian ad litem is obligated to "investigate the adequacy of the offered settlement and report thereon." LCR 17(c). The court may, however, dispense with the appointment of the guardian ad litem "if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel." *Id.*

Generally, the role of the guardian ad litem in a federal lawsuit is to protect the interests of the minor. Fed. R. Civ. P. 17(c). A district court "maintains a continuing obligation to supervise the guardian ad litem's work." *Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999) (citing *Dacanay*, 573 F.2d at 1079; *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Salmeron*, 724 F.2d at 1363.

The district court may remove the guardian ad litem at any time. *Hull by Hull v. United States*, 53 F.3d 1125, 1127 n.1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian ad litem have a remedy of applying to the court to have the guardian ad litem removed or to have another guardian ad litem appointed).

**B.     Analysis**

Plaintiffs request the appointment of Christopher M. Henderson as Settlement Guardian ad Litem for A.A., who is currently two years and 10 months of age. Dkt. No. 35 at 2–4. Having reviewed the Petition and supporting declarations, Dkt. Nos. 35, 35-1, 35-2, the Court finds that A.A. does not currently have a guardian who meets the requirements of Federal Rule of Civil Procedure 17 and Local Civil Rule 17(c), and that appointing a settlement guardian ad litem is in A.A.'s best interest. The Court further finds that Christopher M. Henderson has the appropriate expertise and background to serve as settlement guardian ad litem for A.A. *See* Dkt. No. 35-2; *see also M.C.S. v. Seattle Sch. Dist. No. 1*, No. 2:21-CV-00619-LK, 2022 WL 508824, at *2 (W.D. Wash. Jan. 20, 2022).

### III.   CONCLUSION

The Unopposed Petition for Appointment of Settlement Guardian ad Litem is hereby GRANTED.

Christopher M. Henderson is APPOINTED as Settlement Guardian ad Litem for A.A. to represent the interests of A.A. in this matter. Mr. Henderson shall discharge his duties and obligations pursuant to applicable law, including Federal Rule of Civil Procedure 17 and Local Civil Rule 17. Mr. Henderson shall be compensated at his normal hourly rate.

The Court ORDERS and DIRECTS Mr. Henderson to investigate the matter and prepare a report consistent with Local Civil Rule 17, and to file that report with this Court on or before Monday, July 7, 2025. Plaintiffs' counsel is DIRECTED to serve a copy of this Order on Mr. Henderson and to file proof of such service within seven days of the date of this Order.

Dated this 5th day of May, 2025.

Lauren King
United States District Judge