UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN et al., <br><br>                    Plaintiffs, <br>    v. <br><br>AMAZON.COM SERVICES, LLC et al., <br><br>                    Defendants. | CASE NO. 2:24-cv-00195-LK <br><br>ORDER GRANTING STIPULATED MOTION TO SEAL |

      This matter comes before the Court on the parties' Stipulated Motion to Seal Plaintiffs' Motion to Approve Minor's Settlement and its accompanying declaration. Dkt. No. 31.

      Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (cleaned up); *see also* LCR 5(g) ("There is a strong presumption of public access to the court's files."). However, this presumption "is not absolute

and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the filing at issue is more than tangentially related to the merits of the case, the movant must show "compelling reasons" to succeed on its motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

Further, in the Western District of Washington, parties moving to seal documents must satisfy the requirements established in Local Civil Rule 5(g). Under that rule, a party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal," including identification of: "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

Here, the parties seek to redact references to the settlement amount in the motion and associated declaration because "the amount the minor child will receive from the settlement proceeds . . . is sensitive information that c[ould] be used against the minor child" by third parties who might "target[] . . . or solicit[] the child when the child is old enough to control the funds." Dkt. No. 31 at 3. Because the motion the parties seek to seal has been denied as moot, Dkt. No. 38, the Court applies the "good cause" standard. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *10 (N.D. Cal. June 30, 2015) (applying the good cause standard where document submitted in connection with a dispositive motion were not

actually considered). The Court agrees with other courts that have found it appropriate to seal references to settlement amounts to protect the interests of minor plaintiffs. *See, e.g.*, *Medina v. Cnty. of Monterey*, No. 24-CV-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024); *Est. of Serna v. Cnty. of San Diego*, No. 20-CV-2096-BAS-DDL, 2024 WL 4152362, at *5 (S.D. Cal. Sept. 10, 2024). No less restrictive alternative would protect the interests of the minor child. And because the parties' proposed redactions are modest, the public's interest in access to these records is adequately served.

Accordingly, the Court GRANTS the Stipulated Motion to Seal, Dkt. No. 31. The settlement amount may remain redacted in Plaintiffs' Motion to Approve Minor Settlement and its accompanying declaration, Dkt. Nos. 30, 30-1. The unredacted versions of the motion and declaration shall remain under seal. Dkt. Nos. 32, 32-1.

Dated this 12th day of May, 2025.

Lauren King
United States District Judge