UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON.COM SERVICES, LLC et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-00195-LK<br><br>ORDER GRANTING STIPULATED MOTION TO SEAL SETTLEMENT GUARDIAN AD LITEM REPORT |

　　　　This matter comes before the Court on the parties' Stipulated Motion to Seal the Settlement Guardian ad Litem Report. Dkt. No. 43.

　　　　Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Accordingly, when a district court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (citation modified). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm*

*Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

The standard for determining whether to seal a record depends on the filing with which the sealed record is associated and whether such filing is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the filing at issue is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* If the filing is only tangentially related to the merits, the party seeking to seal the records need only show "good cause." *See id.*

Additionally, in the Western District of Washington, parties moving to seal documents must satisfy the requirements established in Local Civil Rule 5(g). Under that rule, a party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

Here, the parties seek to redact from the Settlement Guardian ad Litem Report ("SGAL Report") references to the settlement amount and certain allocations related to the settlement amount because the amount a minor child will receive from settlement proceeds "is sensitive information that c[ould] be used against the minor child" by third parties who might "target[] or solicit[] the child when the child is able to control the funds" in the future. Dkt. No. 43 at 2–3.

The "compelling reasons" standard applies to this motion because approval of the minor settlement agreement is dispositive of the proceeding. *See M.F. v. United States*, No. C13-1790JLR, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015). The Court agrees with the parties that compelling reasons exist to seal references to settlement amounts in order to protect the minor

plaintiff. Specifically, "[t]here is a compelling reason to protect the minor child A.A. from third parties who may try to solicit and/or take advantage of minor child A.A. in the future." Dkt. No. 43 at 5; *see also Eesa v. Johnson & Johnson*, No. 2:23-CV-02183-DC-JDP, 2025 WL 1092429, at *1–2 (E.D. Cal. Apr. 11, 2025) (finding compelling reasons to seal settlement amounts to a minor plaintiff to protect the minor's privacy interests); *Medina v. Cnty of Monterey*, No. 24-cv-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) (finding compelling reasons to seal settlement amounts because such amounts "are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff"). No less restrictive alternative would protect the interests of the minor child here. And because the parties' proposed redactions are modest, the public's interest in access to these records is adequately served.

Accordingly, the Court GRANTS the Stipulated Motion to Seal the Settlement Guardian ad Litem Report. Dkt. No. 43. The settlement amount and associated allocations of that amount may remain redacted in the Settlement Guardian ad Litem Report. Dkt. No. 41. The unredacted version of the Report shall remain under seal. Dkt. No. 44. As the Court previously noted, the parties are free to renew their motion to approve the minor's settlement. Dkt. No. 38.

Dated this 16th day of July, 2025.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO SEAL SETTLEMENT GUARDIAN AD LITEM REPORT - 3