UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALEB ALLEN et al., | CASE NO. 2:24-cv-00195-LK |
| Plaintiffs, | ORDER APPROVING MINOR SETTLEMENT |
| v. | |
| AMAZON.COM SERVICES, LLC et al., | **REDACTED** |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Unopposed[1] Renewed Motion to Approve Minor Settlement. Dkt. No. 48; *see also* Dkt. No. 46 (redacted version). For the reasons discussed below, the Court grants the motion.

I. BACKGROUND

A. Factual Background

This case concerns injuries A.A., a minor, and his family suffered as a result of an allegedly defective product. Dkt. No. 23 at 2. When A.A. was 16 months old, he was seriously injured after

---

[1] Defendant Amazon.com Services LLC does not oppose the motion. Defendant Shenzhen Cheyang Technology Co., Ltd. has not yet appeared in this action.

ORDER APPROVING MINOR SETTLEMENT - 1

he ingested a button battery that fell out of a "Podfofo" brand car stereo remote control that had been purchased from Amazon by the prior owner of his family's vehicle. *Id.* at 2, 6. A.A. suffered extreme chemical burns to his esophagus, which required emergency removal and at least one major subsequent corrective surgery. *Id.* at 2, 8. His parents suffered emotional trauma from having to witness their young child's suffering. *Id.* at 8.

**B.     Procedural Background**

On February 12, 2024, A.A. and his parents filed suit against Amazon. Dkt. No. 1. Roughly six months later, Plaintiffs added the manufacturer of the product, Shenzhen Cheyang Technology, as a Defendant in an amended complaint. Dkt. No. 23. On February 28, 2025, the Plaintiffs and Amazon filed a Joint Notice of Settlement. Dkt. No. 29. The Court subsequently granted Plaintiffs' petition to appoint attorney Christopher M. Henderson as settlement guardian ad litem ("SGAL") for minor A.A. pursuant to Federal Rule of Civil Procedure 17. Dkt. Nos. 35, 36. Mr. Henderson filed his SGAL report on July 7, 2025. Dkt. No. 44; *see also* Dkt. No. 49 (supplement to SGAL report). Plaintiffs then filed their motion to approve the minor settlement on July 18, 2025. Dkt. No. 48.

## II.     DISCUSSION

**A.     Legal Standard**

Under Rule 17, the Court has a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* LCR 17(c) (requiring that the Court appoint an independent guardian ad litem who is an attorney-at-law in any case involving court approval of a settlement involving the claim of a minor or incompetent). Court-appointed guardian ad litem Christopher M. Henderson has recommended that the Court approve the settlement with the specific distributions described below. *See* Dkt. No. 44.

1   The Court's inquiry is limited to "the question [of] whether the net amount distributed to
2   each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the
3   minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This
4   inquiry must be performed "without regard to the amount received by adult co-plaintiffs and what
5   they have agreed to pay plaintiffs' counsel." *Id.* at 1182. "So long as the net recovery to each minor
6   plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the
7   district court should approve the settlement as proposed by the parties." *Id.*

8   **B.   The Proposed Settlement**

9   The Settlement provides that Amazon (or its insurers) "will pay Plaintiffs a total settlement
10  consideration of one lump sum payment of ▇▇▇▇▇▇" in exchange for the dismissal of this
11  and all related claims. Dkt. No. 48-1 at 2–3. The settlement amount will be allocated as follows:

| Recipient | Amount |
|---|---|
| Fees and expenses | ▇▇▇ |
| A.A. (minor) | ▇▇▇ |
| A.A.'s parents | ▇▇▇ |
| The Buche Law Firm | ▇▇▇ |

15  *See id.* at 3–4.

16  The ▇▇▇ allocated to Plaintiffs' attorneys reflects the terms of their contingency fee
17  agreement, which provides that the attorneys will receive ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 3. The remaining ▇▇▇ will go to Plaintiffs.
19  *Id.* Specifically, ▇▇▇ will go directly to A.A.'s parents for their pain and suffering as well as
20  "to help offset their considerable outlays." *Id.* $517,304.44 will reimburse The Buche Law Firm
21  for the following advanced fees and expenses: "litigation expenses" of $28,252.67, "SGAL Fees"
22  of $5,362.66,[2] a "trust drafting fee" of $3,500, and a Medicaid lien of $480,189.11. Dkt. No. 48-1

---

[2] Mr. Henderson has graciously requested that payment for his incurred fees of $8,044 be "reduced by 1/3" "to preserve

ORDER APPROVING MINOR SETTLEMENT - 3

at 4. Finally, A.A. is allocated ▮▮▮▮▮▮▮, which will be placed in a special needs trust managed by a professional trustee and custodian of funds "to invest the amount conservatively so it appreciates prudently while the young boy is growing up and thereafter[.]" *Id.* at 3–4.

Mr. Henderson filed his report on July 7, 2025, recommending that this Court approve the minor settlement. Dkt. No. 44 at 1. Mr. Henderson explains that the proportion allocated to A.A.'s parents appears "appropriate and reasonable" based on his review of similar cases. *Id.* at 7–8. While Mr. Henderson emphasizes that "[a]ll parties agree that A.A. was by far and away the most impacted Plaintiff as a result of the incident," A.A. remains "completely dependent on his parents, who continue to make considerable efforts" to obtain the appropriate medical assistance for A.A. given his "young age and comparatively complicated care[.]" *Id.* at 7–8. Mr. Henderson's report also finds that the sum allocated to A.A.—▮▮▮▮▮▮▮▮—appears fair within the context of other similar cases. *Id.* at 9. Although confidentiality is often a condition of settlement in such cases and it can therefore "be difficult to determine the value of comparable [settlements]," Mr. Henderson has identified a few similar cases, including a 2014 case with very similar facts (a child sustained serious injuries after ingesting a button battery) that resulted in a final award to the minor child of ▮▮▮▮▮▮. *Id.*; *Tarutis, et al. v. Spectrum Brands Holdings, Inc., et al.*, No. 2:13-cv-00761-JLR, Dkt. No. 51 at 3 (W.D. Wash. May 21, 2015)). On the basis of this and other comparable settlement amounts, Mr. Henderson believes that the net settlement value to A.A. is fair. Dkt. No. 44 at 10.

In addition, the settlement amount roughly approximates the costs in medical care A.A. is likely to need over the course of his life. Referencing the Life Care Plan prepared for A.A. by a physician in 2024, Mr. Henderson notes that A.A. is expected to have lifelong physical

---

as much as possible for A.A." Dkt. No. 44 at 15; *see also* Dkt. No. 42.

ORDER APPROVING MINOR SETTLEMENT - 4

impairments and disabilities as a result of the incident. *Id.* at 4. Estimating conservatively and accounting for inflation, Mr. Henderson calculates that, over the next two decades (during which "almost all care is expected to be completed"), the "maximum cost for care anticipated" pursuant to the Life Care Plan is approximately █████████. *Id.* at 8–9. As such, Mr. Henderson considers A.A.'s settlement allocation ██████████████ adequate under the circumstances. *Id.* at 10. He further recommends that "the Court order the net settlement proceeds for A.A. be placed in a special needs trust" pursuant to 42 U.S.C. § 1396p(d)(4)(A) and Washington State Superior Court Special Proceeding Rule 98.16W(j)(2)(C). *Id.* at 2.

Lastly, Mr. Henderson recommends that the Court make the following findings to "ensure appropriate protection of A.A.'s interests with regard to the settlement proceeds":

> 1) The settlement proceeds shall not be considered to have been received by, to be available to, or to have come into the possession or under the control of A.A.; and
>
> 2) Although the proposed Trust will be considered a 'grantor' trust for federal tax purposes pursuant to IRS Revenue Ruling 83-25 (1983), in consideration of the purposes and intents of the federal statute under which the Trust is established, the approving Court hereby decrees that the Trust to be drafted is not a grantor trust for any other purposes and that the beneficiary does not retain any common law or statutory rights to revoke the Trust, including any rights under the Doctrine of Worthier Title which has been revoked in the state in which the Trust is being established.

*Id.* at 14–15; *see also* Dkt. No. 49 at 3 (Supplement to Settlement Guardian ad Litem Report, recommending that the Court "[d]irect[] that the Trust be subject to court supervision" and that the Trustee (1) "open a new '4' case number with the King County Superior Court to administer the A.A. Special Needs Trust," (2) file proof of opening the matter with the superior court, and (3) "submit its first annual Report and Accounting within ninety (90) days after the one-year anniversary of the date of entry of this Order").

ORDER APPROVING MINOR SETTLEMENT - 5

1  C.     **The Amount Distributed to A.A. Is Fair and Reasonable**

2     Having reviewed Mr. Henderson's Report, the unopposed motion and declaration, and the
3  record in this case, the Court agrees that the settlement terms are fair and reasonable and in A.A.'s
4  best interests. The Court is therefore adequately assured that the minor's interests in this case have
5  been protected. *See Robidoux*, 638 F.3d at 1181. Based on the Court's review, it appears that
6  similar cases have resulted in comparable settlement sums allocated to minor litigants. *See, e.g.*,
7  *E.K. v. Amazon.com Servs. LLC*, No. 2:21-cv-07604-VAP-JDEx, 2023 WL 2559228, at *2 (C.D.
8  Cal. Mar. 7, 2023) (approving minor's net recovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮ for injuries sustained by young child due to ingestion of a battery); *Tarutis*,
10 No. 2:13-cv-00761-JLR, Dkt. No. 51 (approving minor's net recovery ▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for injuries sustained by young child due to ingestion
12 of a battery). And the allocation to A.A. roughly approximates the estimated maximum cost of his
13 anticipated medical treatments. Dkt. No. 44 at 8–9.

14    However, the Court will not make findings regarding the possession of settlement proceeds
15 or the characterization of the trust. *See* Dkt. No. 48 at 14. Such findings would constitute an
16 advisory opinion on facts not before the Court. Nor will the Court issue orders directed at third
17 parties that have not appeared in this case, such as the trustee of the trust. *See id.*

18 D.     **Motion to Seal**

19    Lastly, the parties move to seal the settlement amount and allocations in the renewed
20 motion to approve the settlement. Dkt. No. 47. For the same reasons the Court granted the parties'
21 prior motion to redact this subject matter in the Settlement Guardian ad Litem Report, the Court
22 grants this one too. *See* Dkt. No. 45. The settlement amount and associated allocations may remain
23 redacted in the public-facing Motion to Approve Minor's Settlement. Dkt. No. 46. The unredacted
24 version of the motion shall remain under seal. Dkt. No. 48.

ORDER APPROVING MINOR SETTLEMENT - 6

### III. CONCLUSION

For the reasons outlined above, the Court ORDERS as follows:

1. Plaintiffs' Unopposed Renewed Motion to Approve Minor Settlement, Dkt. No. 48, is GRANTED;

2. The gross settlement amount of ▮▮▮▮▮ is adequate and reasonable, and is hereby approved;

3. The net amount allocated to A.A. of ▮▮▮▮▮ is fair and reasonable in light of the facts of the case, A.A.'s specific claims, recovery in similar cases, and the report and recommendation of the Settlement Guardian ad Litem, Dkt. No. 44;

4. The amount of settlement proceeds apportioned to (1) the claims of A.A.'s parents (▮▮▮▮); (2) the Buche Law Firm (▮▮▮▮); and (3) fees and expenses ($517,304.44) is approved;

5. The Buche Law Firm, P.C. is authorized and directed to distribute the settlement proceeds as follows:

   | | |
   |---|---|
   | Attorney's fees payable to Buche Law Firm, P.C. | ▮▮▮▮ |
   | Costs to be reimbursed to The Buche Law Firm, P.C. (litigation expenses of $28,252.67, SGAL Fees of $5,362.66, and a trust drafting fee of $3,500) | $37,115.33 |
   | Medicaid lien payment to Carelon | $480,189.11 |
   | Settlement funds to Caleb and Kasey Allen | ▮▮▮▮ |
   | Net proceeds to be placed into a special needs trust for the benefit of A.A. (the "Trust) in accordance with the recommendations provided by the SGAL | ▮▮▮▮ |

6. The Buche Law Firm, P.C. is further authorized and directed to instruct the trustee of the Trust to administer the Trust in accordance with the recommendations provided by the SGAL, including but not limited to directing the Trustee to open a trust reporting matter with King County Superior Court and file each Receipt of Deposit of Funds in that matter.

7. The SGAL is discharged upon the filing of the Receipt of Deposit of Funds by the Trustee.

The parties' Stipulated Motion to Seal Plaintiffs' Renewed Motion to Approve Minor's Settlement, Dkt. No. 47, is also GRANTED. Consistent with its prior orders on sealing, the Court

ORDER APPROVING MINOR SETTLEMENT - 7

files this Order under seal. A version redacting the settlement amount and allocations will be filed on the public docket in short order.

Dated this 15th day of August, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER APPROVING MINOR SETTLEMENT - 8